The opinion of the Court was delivered by
Colcock, J.
It was contended on the part of the defendant, that the books of a ferryman ought not to be introduced, because they were not enumerated in the Act of 1721,[1] and had never before been admitted as evidence in any case. I was of opinion the question did not depend on the Act; for that is not of force, and has not regulated the decisions on the subject. The Act recognizes the law or custom of giving in evidence the books of merchants, mechanics and handicraftsmen ; and declared that they shall not be evidence beyond one year; and the decisions in our Courts have extended the principle to the books of physicians, and made them all evidence beyond the year. Now I am unable to see any reason why a ferryman’s books, if regularly kept, should not be admitted in evidence as well as a physician’s. Both charge for services performed, though of a different character. There is less room for imposition in the charges of a ferryman than in those of a physician. One can better remember how often he crosses a ferry, than how often a physician has visited his house, or distinguish between the visits of the friend and physician. And, again, the charges of the ferryman are fixed by law, those of the physician are not so limited.
*4781 *When we advert to the reason on which merchant’s books were admitted as evidence, that the goods are delivered without witnesses and by agents, I think it applies with peculiar force to a ferry owner, and with more than peculiar force to the case before us ; for generally they employ agents, and, in this case, the owner being a lady, was obliged to employ one.
A majority of my brethren are of opinion that the books were properly admitted.
*657 The Act of 1799[1] declares, "that every person or persons, their heirs and assigns, in whom public ferries, toll bridges, or causeways, have been- or shall be vested by law, shall keep fixed up, in some conspicuous place, the several rates, as are, or shall be established by law; and if any person or persons, their heirs or assigns, in whom public ferries, toll bridges, or causeways, have been, or shall hereafter be vested, shall neglect or refuse to keep fixed up, their several rates, as established by law, such keeper or keepers of a public ferry’ toll bridge, or causeway, shall forfeit all such toll as they would have been entitled to receive.” The object of this is manifestly to prevent imposition, and give the traveller an opportunity of guarding against it. In this case, the defendant lived very near this ferry, and that circumstance, together with his passing so long and frequently without paying his ferriage, well warrant the presumption, that he was perfectly acquainted with the rates of ferriage, and had entered into a contract to pass on credit. As to him, therefore, the protection of the law was unnecessary. But it was distinctly submitted to the jury to decide the question of fact as to the rates having been posted up, for at least the greater part of the time ; and it is the unanimous opinion of the Court, that there was sufficient evidence to support the verdict on this ground.
The motion is, therefore, rejected.
Bay, Gantt and Johnson, JJ., concurred.

 P. L. 117; 7 Stat. 168, § 10; Ante, 803; 1 Bay, 41.

 9 Stat. 396, g 16.